# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

January 12, 2023

**VIA ECF**
The Honorable Mary Kay Vyskocil, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re: *Pierre-Louis v. Custom Metalcrafters, Inc. et al*
         **Case No.: 1:22-cv-06717-MKV**

Dear Honorable Judge Vyskocil:

  This law firm represents Plaintiff Gargy Pierre-Louis (the "Plaintiff") in the above-referenced matter.

  Pursuant to Your Honor's Individual Motion Practice Rule 1(A) this letter respectfully serves to respond to Your Honor's December 12, 2022 Order [Dckt. No. 8].

  This letter further respectfully serves as a request for an enlargement of time to serve individual defendant Stephen Rosner (the "Individual Defendant", and together with defendant Custom Metalcrafters, Inc., the "Defendants"), to, through and including February 15, 2023.

  As of the date of this filing:

1. Defendant Custom Metalcrafters, Inc. has been served.

2. As many as five (5) opt-in plaintiffs have expressed a desire to join in the instant lawsuit.

3. On January 12, 2023, Plaintiff's process servers advised the undersigned that they attempted to serve the Individual Defendant at the business address located at 16 McKinley Ave., Albertson, NY 11507. According to Plaintiff's process servers, this business is no longer operating, and no one was available to accept service.

4. Defendants, personally, have actual knowledge of the pendency of the instant lawsuit.

5. Defendants' counsel has actual knowledge of the pendency of the instant lawsuit.

**I.      Factual Background**

This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and Articles 6 and 19 of the New York State Labor Law ("NYLL"), brought by an individual against his former employers for violations of federal and state wage-and-hour laws.

Defendants own and operate a construction company known as "Custom Metalcrafters". [Dckt. No. 1 at ¶ 6] (the "Complaint", or the "*Compl.*").[1]

To accomplish their business goals, Defendants also fail to pair their manual laborers, including Plaintiff, legally required overtime wages and prevailing wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York State Labor Law ("NYLL").

Plaintiff has worked at Custom Metalcrafters as a manual worker, window mechanic and glazier from August 2019 to, through and including, September 2022. At the time of the filing of the Complaint, Plaintiff had still been employed at Custom Metalcrafters. [*Compl.* at ¶ 6] Less than one month following the filing of the Complaint, on August 8, 2022, Defendants terminated Plaintiff's employment, without cause, in retaliation for filing the instant action.

Thus, Defendants had actual knowledge of the instant action as early as September 2022.

After the filing of the Complaint, the undersigned contacted Defendants, and Defendants' counsel, in an effort to exhaust the possibility of an early resolution of the action. Thus, as of the filing of the instant letter, Defendants (and their counsel) actual knowledge of the instant action.

As set forth more fully below, Plaintiff should have simultaneously proceeded with finalizing service of process on Defendants during this period. This was a mistake – and it respectfully submitted that this error in judgment should not rise to the level of sanctionable conduct under Rule 41(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.").

**II.     Legal Argument**

**A. Dismissal is Not Warranted Under Fed.R.Civ.P. 41(b)**

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action "'[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citing and quoting Fed.R.Civ.P. 41(b)). It is well-settled that a Rule 41(b) dismissal is the "harshest of sanctions." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

The Second Circuit has instructed a district court considering a Rule 41(b) dismissal to weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the

---

[1] Defendants pride themselves as being "…a leading provider of custom curtain walls, window walls, windows & doors, storefronts, and more architectural metal and glass products." *See* https://www.custommetalcrafters.com/services/ (last accessed December 12, 2022).

defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

### i. The Duration of Plaintiff's Failure to Comply Militates Against Dismissal

The instant action was filed on August 8, 2022. [*See* Dckt. No. 1]. Pursuant to Fed.R.Civ.P. 4(m), an answer, or a dispositive motion for failure to appear, should have been commenced, as of November 7, 2022.

On November 10, 2022, Your Honor ordered Plaintiff to provide the Court with update on the status of the proceedings. [*See* Dckt. No. 6]. Thus, only three (3) days had passed after the ninety (90) day window pursuant to Fed.R.Civ.P. 4(m).

As set forth more fully herein, Defendants had actual knowledge of the instant action as early as September 2022. Moreover, Defendants' counsel has actual knowledge of the instant action as of the filing of the instant letter.

Plaintiff should have simultaneously proceeded with finalizing service of process on Defendants between August 8, 2022 and November 7, 2022. Plaintiff's counsel acknowledges the inconvenience caused to the Court, resulting from this error. Plaintiff's counsel also wishes to inform the Court that Plaintiff's process servers are diligently attempting to finalize service of the Summons and Complaint on Defendants.

The instant letter provides the Court with a complete update on the status of this case. It is respectfully submitted that the duration of Plaintiff's non-compliance, *i.e.,* three (3) days, militates against a Rule 41(b) dismissal.

### ii. Plaintiff Was Put on Notice Once

On November 10, 2022, the Court entered the Order to show cause why this case should not be dismissed. [Dckt. No. 6]. This is the first notice given to Plaintiff. Accordingly, dismissal at this juncture would not comport with the second prong of the Rule 41(b) analysis.

### iii. Defendants Cannot Demonstrate Prejudice

Where, as here, Defendants have not appeared in the proceedings, they cannot demonstrate any prejudice. This prong militates against dismissal under Rule 41(b).

### iv. The Balancing of the Court's Interests

Plaintiff's counsel appreciates and recognizes the Court's interest in managing its own docket. Plaintiff's counsel further acknowledges that he should have simultaneously proceeded with finalizing service of process on Defendants while settlement efforts were ongoing.

Upon finalizing service, should Defendants' continue to fail to appear in the action, the undersigned law firm intends to file a request for a Clerk's Certificate of Default, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, as against Defendants. The undersigned law firm intends to move for a default judgment, should the Clerk of the Court act favorably on the Plaintiff's contemplated application.

Moreover, the undersigned has been advised by Plaintiff's process servers that service on the Defendants is expected to be completed soon. The instant action will thus move expeditiously.

### v.   The Consideration of Less Drastic Sanctions

Given that Plaintiff is diligently completing service as against the Defendants, it is respectfully submitted that a short extension of time be granted, before the drastic sanction of dismissal is imposed.

### B. The Court Should Grant a Short Extension of Time to Complete Service on the Individual Defendants

Rule 4(m) provides, in relevant part:

If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (citing Fed.R.Civ.P. 4(m)).

Under Rule 4(m), a district court must grant a plaintiff an extension of time for service if the plaintiff demonstrates good cause. *Id.* Even in the absence of good cause, however, district courts have discretion to grant extensions of time to effect proper service. *Id.* (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)); *see also Mares v. United States*, 627 Fed.Appx. 21, 23 (2d Cir. 2015) (summary order) ("Although an extension of time is required when good cause has been shown, a district court has wide latitude in deciding when to grant extensions absent good cause." (internal citation omitted)).

"Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service." *Id*. (citation omitted).

### i.   Good Cause Exists to Extend Plaintiff's Deadline to Serve the Individual Defendants

On January 12, 2023, Plaintiff's process servers advised the undersigned that they attempted to serve the Individual Defendant at the business address located at 16 McKinley Ave.,

Albertson, NY 11507. According to Plaintiff's process servers, this business is no longer operating, and no one was available to accept service.

Additional time is needed to locate the Individual Defendant's whereabouts, and complete service.

Out of an abundance of caution, it is respectfully requested that the Court extend Plaintiff's deadline to serve the Defendants to, through and including, February 15, 2023.

### III.    Conclusion

The undersigned law firm apologies to the Court for all inconvenience caused. The undersigned law firm intends to move the case expeditiously.

Thank you, in advance, for your time and attention to this matter.

                                  Respectfully submitted,

                                  LEVIN-EPSTEIN & ASSOCIATES, P.C.

                          By:  */s/ Jason Mizrahi*
                                Jason Mizrahi, Esq.
                                60 East 42nd Street, Suite 4700
                                New York, New York 10165
                                Tel. No.:  (212) 792-0048
                                Email: Jason@levinepstein.com
                                *Attorneys for Plaintiff*

VIA ECF: All Counsel