UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────┐
│ USDC SDNY                                 │
│ DOCUMENT                                  │
│ ELECTRONICALLY FILED                      │
│ DOC #:_____                    │
│ DATE FILED: 5/23/2023                     │
└─────────────────────────────────────────┘
```

Pierre-Louis, et al

,

                                                Plaintiff,

                    -against-

Custom Metalcrafters, Inc. et al

,

                                                Defendant.

1: 22 -cv- 6717 (MKV)

CIVIL CASE MANAGEMENT
PLAN AND SCHEDULING
ORDER

Mary Kay Vyskocil, United States District Judge

This proposed Civil Case Management Plan is submitted by the parties in accordance with Federal Rule of Civil Procedure 23 (f) (3):

1.    All parties (consent)  (do not consent) to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). [*Circle one.*]

The parties are free to withhold consent without adverse substantive consequences.  The Parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).

[*If all parties consent, the remaining paragraphs need not be completed.  The Party shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf, at the time of submitting this Proposed Case Management Plan.*]

2.    This case (is) (is not) to be tried to a jury.  [*Circle one.*]

3.    Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  Any motion to amend or to join additional parties shall be filed within **10** ~~30~~ days from the date of this Order.  [*Absent exceptional circumstances, thirty (30) days from the Initial Pretrial Conference or filing of the Proposed Case Management Plan.*]

**DISCOVERY**

**There will be no extensions of the discovery cutoff absent extraordinary circumstances.**

4.     Initial disclosures, pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be served not later than ~~14~~ **7** days from the date of this Order.  [*Absent exceptional circumstances, fourteen (14) days.*]

5.     All <u>fact</u> discovery shall be completed no later than ___8/30/2023___.  [*A period not to exceed 120 days (use an exact date), unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

6.     [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than ___n/a___.

7.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.  The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

    a.   Initial requests for production of document to be served by ___5/16/2023___.
    b.   Interrogatories to be served by ___5/16/2023___.
    c.   Depositions to be completed by ___8/30/2023___.
        i.   For person injury, civil rights, employment discrimination, or medical malpractice case only: Plaintiff's deposition shall be taken first, and shall be completed by _____.
    d.   Requests to Admit to be served no later than ___7/30/2023___.

8.     <u>Expert Discovery</u>
    a.   All expert discovery shall be completed no later than ___n/a___.
       [*Absent exceptional circumstances, a date (use an exact date) sixty (60) days from the date in paragraph 5, <u>i.e.</u> the completion of fact discovery.*]

    b.   No later than thirty (30) days prior to the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 8(a).

9.     In the case of discovery disputes, the parties should follow Local Rule 37.2 and the Court's Individual Rules of Practice in Civil Cases ("Individual Practice Rules"), which are available at https://nysd.uscourts.gov/hon-mary-kay-vyskocil.  Any party wishing to raise a discovery dispute with the Court **must first meet and confer in good faith** with the opposing party, in person or by telephone, in an effort to resolve the dispute.

10.     In the event the Parties are unable to resolve the dispute through the meet and confer process, the Parties may file a joint letter on ECF, no longer than four pages, explaining the nature of the dispute and setting forth the position of each party with respect to the disputed issue, and requesting an informal conference.  Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful. Discovery disputes must be raised with the Court in sufficient time to obtain a ruling and any further discovery that is ordered in advance of the discovery cutoff.

11.     All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Practice Rules.

12.     All counsel must meet face-to-face for at least one hour to discuss settlement and the use of alternate dispute resolution within fourteen (14) days after the filing of a responsive pleading.

13.      The parties have/have not (circle one) discussed settlement and the use of alternate dispute resolution. Please advise the Court of the outcome of your discussion.

**The information listed in Paragraph 13(a) must be disclosed within 7 days from the date of this Order.**

a.  Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following [*specify whether such exchanges have occurred, will occur now, or will occur following fact discovery*]: Payroll records, timekeeping records, contracts with public municipalities for public works projects that Plaintiffs worked on, and financial documents, if Defendants intend to raise an argument of financial hardship.

**Within three business days of any mediation, the parties are directed to file a joint letter informing the Court of the status (but not substance) of settlement discussions.**

b.  Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: _____

Participation in the District's Mediation Program

c.  Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery): _____

Sixty (60) days following the entry of a discovery schedule.

*(NOTE) The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.*  Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.

**The Court informed the parties at the Initial Pretrial Conference that the Court will not allocate more than 2 days for a trial in this matter.  The parties should plan accordingly.**

14.   Counsel for the parties have conferred and their present best estimate of the length of trial is:___2 ~~3~~_____.

15.   [*Parties may include other provisions. See Rule 26(f)(3).*]

**Both parties are on notice that if they fail to comply with Orders of this Court, or otherwise fail to move this case expeditiously, they will face sanctions including dismissal of claims, defenses, or preclusion of evidence.**

--------------------------------------------------------------------------------------------------------------------

*TO BE COMPLETED BY COURT:*

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

16.   A Post-Discovery Conference is scheduled for ___**August 29, 2023**___ at ___**11:30 AM**___ in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007.

One week before the conference, the parties shall submit a joint letter regarding the status of the case.  The letter should include the following information in separate paragraphs:

   a.   a statement of any existing deadlines, due dates, and/or cut-off dates;
   b.   a brief description of any outstanding motions;
   c.   a brief description of the discovery and undertaken if either party believes any additional discovery that needs to be completed;
   d.   a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;
   e.   a statement of the anticipated length of trial and whether the case is to be tried to a jury;
   f.   a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony (*see* Individual Practice Rules ¶4(A)(i));
   g.   any other issue that the parties would like to address at the conference; and
   h.   any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

If no SJ motion is anticipated, the post-discovery conference will serve as a pre-trial conference. Parties should be prepared to discuss scheduling of trial and all pre-trial matters.

**This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 2(G) of the Court's Individual Practice Rules and shall be made no less than three (3) days prior to the expiration of the date sought to be extended. Failure to comply with the deadlines set forth herein may result in sanctions, including preclusion at trial of information not provided or dismissal of claims or defenses.**

_____
Mary Kay Vyskocil
United States District Judge

Dated: ___5/23/2023_____
New York, New York